UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

RANKY ABIKARRAN,

                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, DET. ALFRED
HERNANDEZ, Shield No. 05046, Individually and in his
Official Capacity, DET. ANTHONY DIAZ, Shield No.
07312, Individually and in his Official Capacity, DET.
ELIJAH BROOKS, Shield No. 00377, Individually and in
his Official Capacity, and P.O.'s "JOHN DOE" #1-10,
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are presently
unknown),

                        Defendants.

--------------------------------------------------------------------X

**COMPLAINT**

**08 CV 8227**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff RANKY ABIKARRAN, by his attorneys, COHEN & FITCH LLP, complaining

of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff RANKY ABIKARRAN is a Hispanic-American male and at all relevant times a resident of the County, City and State of New York.

7.      Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants DET. ALFRED HERNANDEZ, Shield No. 05046, DET. ANTHONY DIAZ, Shield No. 07312, DET. ELIJAH BROOKS, Shield No. 00377 and P.O.'s "JOHN DOE" #1-10 were duly sworn police

officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13.     On January 15, 2008, at approximately 2:35 a.m., plaintiff RANKY ABIKARRAN was lawfully present inside of 285 Fort Washington Avenue, City and State of New York.

14.     At the aforesaid time and place, plaintiff was on the fifth floor of the aforementioned location, in a common area of the building and not inside any apartment, when plaintiff was accosted by several members of the New York City Police Department and placed in handcuffs.

15.     Immediately thereafter, defendant was searched and no contraband of any kind was recovered on defendant's person or within defendant's grab area.

16.     At the time the arrest, plaintiff asked the defendants why he was being arrested, to which the defendants responded in sum and substance "SHUT THE FUCK UP."

17.     Notwithstanding the fact that plaintiff was not in possession of any contraband, had no knowledge or control over any contraband recovered in apartment 44, did not live in said apartment, was not the tenant of said apartment and was not in said apartment or even on the same floor as said apartment at the time the search warrant was executed, plaintiff RANKY ABIKARRAN was arrested and charged with Criminal Possession of a Controlled Substance in the Second Degree, Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree and Criminally Using Drug Paraphernalia in the Second Degree.

18.     Plaintiff, RANKY ABIKARRAN, never possessed, controlled or exercised dominion over any controlled substances, weapons or drug paraphernalia.

19.     Following plaintiffs arrest, he was handcuffed tightly and was forcibly moved into the squad car and brought the precinct.

20.     While at the precinct defendant's clothes were forcibly removed and defendant was stripped naked and underwent a full body cavity search, which did not recover any contraband.

21.     As a result of the defendants' actions, plaintiff RANKY ABIKARRAN sustained, *inter alia,* mental anguish, shock, fright, apprehension, embarrassment, humiliation, shame and deprivation of his constitutional rights.

22.     In connection with his arrest, defendants filled out false misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

23.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24.      As a result of his unlawful arrest, plaintiff RANKY ABIKARRAN spent approximately six (6) months in jail.

25.      Thereafter, defendants gave false, misleading and perjurious testimony to the Grand Jury.

26.      Notwithstanding defendants' perjurious testimony, the Grand Jury only voted "true bill" on the charges of Criminal Possession of a Controlled Substance in the Third Degree and Criminally Using Drug Paraphernalia in the Second Degree defendant out of the seven charges for which plaintiff RANKY ABIKARRAN was originally arrested and arraigned.

27.      On or about July 8, 2008 all charges against plaintiff, RANKY ABIKARRAN, were dismissed.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983</u>

28.      Plaintiff repeats, reiterates and realleges each and every allegation contained  in paragraphs numbered "1"  through "27"  with the same force and effect as if fully set forth herein.

29.      All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.      All of the aforementioned acts deprived plaintiff RANKY ABIKARRAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth,  Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants misrepresented and falsified evidence before the District Attorney.

39.     Defendants did not make a complete and full statement of facts to the District Attorney.

40.     Defendants withheld exculpatory evidence from the District Attorney.

41.     Defendants were directly and actively involved in the initiation of criminal proceedings against RANKY ABIKARRAN.

42.     Defendants lacked probable cause to initiate criminal proceedings against RANKY ABIKARRAN.

43.     Defendants acted with malice in initiating criminal proceedings against RANKY ABIKARRAN.

44.     Defendants were directly and actively involved in the continuation of criminal proceedings against RANKY ABIKARRAN.

45.     Defendants lacked probable cause to continue criminal proceedings against RANKY ABIKARRAN.

46.     Defendants acted with malice in continuing criminal proceedings against RANKY ABIKARRAN.

47.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in RANKY ABIKARRAN's favor on or about July 8, 2008 when all charges against him were dismissed.

49.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**FOURTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants issued legal process to place plaintiff RANKY ABIKARRAN under arrest.

52.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

53.     Defendants acted with intent to do harm to plaintiff RANKY ABIKARRAN, without excuse or justification.

54.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**FIFTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56.     Defendants created false evidence against plaintiff RANKY ABIKARRAN.

57.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

58.     Defendants misled the prosecutors by creating false evidence against plaintiff RANKY ABIKARRAN and thereafter providing false testimony throughout the criminal proceedings.

59.     In creating false evidence against plaintiff RANKY ABIKARRAN in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

63.     As a result of the aforementioned conduct of defendants, plaintiff RANKY ABIKARRAN was subjected to excessive force and sustained physical and emotional injuries.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) arresting individuals regardless of probable cause, and b) utilizing excessive force in executing said arrests, and c) falsifying evidence to cover up police misconduct.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

70.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RANKY ABIKARRAN was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

71.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

72.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RANKY ABIKARRAN's constitutional rights

73.     The acts complained of deprived plaintiff of their rights:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from seizure and arrest not based upon probable cause;

      C.     To be free from malicious abuse of process;

      D.     Not to have excessive force imposed upon them;

      E.     To be free from unlawful search;

      F.     Not to have summary punishment imposed upon them; and

      G.     To receive equal protection under the law.

74.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, plaintiff RANKY ABIKARRAN demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages, ten million dollars ($10,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      September 23, 2008

              BY:_____/S_____
              JOSHUA P. FITCH (JF-2813)
              COHEN & FITCH LLP
              Attorneys for Plaintiff
              225 Broadway, Suite 2700
              New York, N.Y. 10007
              (212) 374-9115